WASHINGTON PARTRIDGE & *al. versus* PATTEN & *al.*

By the covenants, in a deed of land, " that the grantor will never make any claim to the land, and that he will warrant and defend the same free from all incumbrances by him made," he is not estopped to claim the land under a title *subsequently acquired* by him. — WELLS, J. dissenting, and referring to his opinion as published in the case of *Pike* v. *Galvin*, 30 Maine, 539.

ON FACTS AGREED.

PETITION FOR PARTITION.

*Heath,* for the petitioner.

*Woodman,* for the respondent.

The opinion of a majority of the Court was given by

SHEPLEY, C. J. — It appears by the agreed statement, *that* John Partridge formerly owned the lot of land, one fifth part of which is now claimed by the petitioner and by the respondents; —

*that* Thomas Partridge, a son and heir of John by inheritance, became the owner of one fifth part of that lot, and died seized thereof during the year 1824; —

*that* the petitioner, a son of Thomas, became seized of that fifth part, and, on April 12, 1841, conveyed by a deed of release containing the covenants hereafter named, the whole lot to Lewis W. Conner, who conveyed one half of it to each of the respondents; —

and, *that* Mary Treat, one of the children and heirs of John Partridge, conveyed the one fifth part now in controversy to the petitioner in the month of October, 1841.

The question presented for decision is, whether the petitioner is estopped by the covenants contained in his deed to Conner to assert a title to the fifth part subsequently purchased by him of Mary Treat.

There are but two covenants in that deed; the first is, that of non-claim in the same words as the covenant in the deed considered in the case of *Pike* v. *Galvin,* 29 Maine, 183, and 30 Maine, 539, with an addition of the immaterial words " or their appurtenances."

The reasons were assigned in that case for the decision, that the vendor was not by such a covenant estopped to assert a title subsequently acquired.

The other covenant of the petitioner is in these words: — " that I will warrant and defend the same from all incumbrances so far as made by me, but not otherwise."

It does not appear, that the petitioner had caused the land described to be in any manner incumbered. That covenant

does not assert, that the petitioner had any valid title to the lot; nor does it make an engagement to warrant or defend the title against any one not claiming under an incumbrance made by the vendor.

It was stated in the case of *Pike* v. *Galvin*, that when a deed of conveyance contains no warranty of the title, an after acquired title will not enure or be transferred to the vendee; nor will the vendor be estopped to assert a title subsequently acquired, unless by doing so, he is obliged to deny or contradict some fact alleged in his former conveyance.

The petitioner in this case does not deny or contradict any fact alleged in his conveyance to Conner, by asserting his title acquired from Mary Treat.

WELLS, J. I cannot concur in the opinion, for the reasons given by me in the case of *Pike* v. *Galvin*, 30 Maine, 539.

*Ordered* by the Court, that partition be made as prayed for.